# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

MICHAEL RUSSELL

NO. 2020 KW 0497

**SEPTEMBER 03, 2020**

---

In Re:    State of Louisiana, applying for supervisory writs, 21st Judicial District Court, Parish of Tangipahoa, No. 1802741.

---

**BEFORE:    McDONALD, THERIOT, AND CHUTZ, JJ.**

**WRIT GRANTED.** The state is under no duty to investigate in order to obtain exculpatory information. Rather, the state has a duty to provide a defendant with favorable information, which is within its possession, custody, control or knowledge. See La. Code Crim. P. arts 718 & 719. See also **State v. Edwards,** 420 So.2d 663 (La.1982). In the instant case, the district court erroneously ordered the state to conduct a forensic examination on a cellphone in its possession to determine the contents of the phone and discover whether or not it contains evidence favorable to the defendant. Thus, the district court's ruling ordering the state to conduct a forensic investigation of the phone is reversed. If the state subsequently decides to conduct a forensic investigation of the phone at issue, then pursuant to **Brady v. Maryland,** 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963), the state would be expected to provide the defense with any favorable evidence discovered. Further, the defense may conduct its own forensic investigation of the cellphone. See La. Code Crim. P. art 719(A).

**JMM**
**MRT**
**WRC**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT